1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTONIA LUNA, | ) | CV F 08 - 1962 AWI SMS |
| | ) | |
| Plaintiff, | ) | ORDER ON PLAINTIFF'S |
| | ) | MOTION FOR SUMMARY |
| v. | ) | JUDGMENT AND RELATED |
| | ) | ORDERS |
| HOA TRUNG VO dba SAVE MORE | ) | |
| 98 DISCOUNT STORE; BLIATOUT | ) | |
| LLC; and DOES 1-10 inclusive, | ) | Doc. # 35 |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is an action for damages and injunctive relief pursuant to the Americans With

Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA") and California's Unruh Civil

Rights Act.  Plaintiff Antonia Luna ("Plaintiff") explains the instant motion for summary

judgment thus:

> On August 27, 2009, the court executed and filed a Consent Decree and Order
> entered into by the parties resolving injunctive relief issues in this case. [. . . .]
> However, as that Order did not include any admission of liability, this Motion
> [for summary judgment] is necessary in order to establish liability and request
> that the Court award minimum statutory damages, per [Cal. Civ. Code] § 52 as
> to each defendant.

Doc. # 35 at 5:12-18 (internal citations omitted).

Defendants Hoa Trung Vo ("Vo") dba Savemore 98 Discount Store (the "Store") and

Bliatout, LLC ("Bliatout") (collectively, "Defendants") do not oppose Plaintiff's motion for

summary judgment, nor do they dispute the alleged factual basis for Plaintiff's claim of

violation of the ADA or Plaintiff's contention that she suffered two violations of the ADA.

Defendants request only that Plaintiff's award of monetary damages be held to the minimum required by law.

Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331.  Venue is proper in this court.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Because Plaintiff's motion for summary judgment is unopposed, the court will summarize to some extent Plaintiff's undisputed material facts.  As previously noted, Defendants do not dispute any of Plaintiff's proffered undisputed material facts.

Plaintiff is quadriplegic due to a fracture of her cervical vertebrae that occurred when she was five years old.  She requires the use of a motorized wheelchair for mobility.  On October 3, 2008, Plaintiff went to the Asian Village Shopping Center in Fresno ("Shopping Center").  On October 3, 2008, Plaintiff entered the Store located in the Shopping Center.  At the time of Plaintiff's October 3, 2008, visit to the Store, Bliatout was the entity that owned the Shopping Center.  Defendants do not dispute that both the Shopping Center and the Store are places of public accommodation within the meaning of ADA and the Unruh Civil Rights Act.  Plaintiff alleges facts sufficient to show that the space occupied by the Store was reconfigured from its original use as office space so that physical design accommodations required by ADA applied to the Store.

Defendants do not dispute that on October 3, 2008, when Plaintiff tried to enter the Store, a number of boxes "were all over the store, preventing anyone in a wheelchair from accessing the store."  Doc. # 36 at ¶ 17.  Later inspection of Shopping Center by Plaintiff's ADA expert identified other issues of non-compliance which were addressed in the parties' stipulated consent decree but that are not set forth in Plaintiff's Statement of Undisputed Material Facts.  It is not disputed by the Defendants that Vo, as owner of the Store, violated ADA requirements by failing to maintain adequate clearance for wheelchair passage and that Bliatout violated ADA requirements by failing to maintain required parking and access to the

1    Shopping Center.

2         The complaint in this action was filed on December 23, 2008.  The stipulated Consent

3    Decree settling all claims for injunctive relief was filed on August 27, 2009.  The instant

4    motion for summary judgment was filed on October 8, 2010, and Defendants' responses were

5    filed on October 28, 2010, by defendant Blaitout and on October 29, 2010, by defendant Vo.

6    Oral argument, which was set for November 15, 2010, was vacated and the matter was taken

7    under submission as of that date.

8                                        **LEGAL STANDARD**

9         The purpose of summary judgment is to avoid unnecessary trials when there is no

10   dispute as to the facts before the court.  Zweig v. Hearst Corp., 521 F.2d 1129 (9th Cir.1975),

11   cert. denied, *1472 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 399 (1975). The moving party is

12   entitled to summary judgment as a matter of law where, viewing the evidence and the

13   inferences arising therefrom in favor of the nonmovant, there are no genuine issues of material

14   fact in dispute. Fed.R.Civ.P. 56(c); Semegen v. Weidner, 780 F.2d 727 (9th Cir.1986).

15                                         **DISCUSSION**

16   **I.  Summary Judgment**

17        The purpose of Plaintiff's motion for summary judgment is unclear in light of the non-

18   opposition of the Defendants to Plaintiff's two claims of violation of the ADA.  Given the

19   lack of dispute as to the factual basis for Plaintiff's motion and the lack of contention as to the

20   application of law, it appears Plaintiff's motion for summary judgment is unnecessary.  It

21   appears that the natural path to the conclusion of this action is by way of stipulated judgment.

22        If there are there are reasons that are not apparent to the court why a motion for

23   summary judgment is necessary to resolve this case, Plaintiff's motion would nonetheless

24   require amendment to resolve two issues of clarity and structure.  First, Plaintiff's proffered

25   Statement of Undisputed Facts does not, by itself, allege facts sufficient to support both of

26   Plaintiff's claims for violation of ADA.  Rather, the proffered Statement of Undisputed Facts

27

28                                               3

appear sufficient to establish the status of Vo and Blaitout as the parties responsible for any ADA violations associated with the Store and the Shopping Center, respectively.  While Plaintiff's Undisputed Facts allege, albeit minimally, that the condition in the Store constituted a violation of ADA, those facts allege nothing with respect to any ADA violation connected with the Shopping Center parking facility.  To support her claim that the conditions in the parking area constituted a violation, Plaintiff relies on facts alleged partly in her Statement of Undisputed Facts and partly in the motion itself as supported by citation to various declarations and attachments.

Local Rule 260(a) provides that the party seeking summary judgment or summary adjudication shall submit, along with the motion "a Statement of Undisputed Facts" that shall enumerate discretely *each of the material facts relied upon in support of the motion* and cite the particular potions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon to establish the fact."  (Rule 260(a) (italics added)).  The court concludes that Plaintiff's proffered "Statement of Undisputed Facts" violates Local Rule 260 in that it fails to allege each of the material facts that Plaintiff relies upon to support both of her claims for summary judgment (or adjudication).

Second, Plaintiff's proposed order on her motion for summary judgment concludes by stating: "IT IS HEREBY ORDERED that Plaintiff's Motion for *Partial* Summary Judgment is Granted.  Doc. # 41 at 3:1 (italics added).  Nothing in Plaintiff's moving papers suggests the instant motion is a motion for *partial* summary judgment (or summary adjudication).  So far as the court is aware, the Consent Decree disposed of all issues of injunctive relief in this action and judgment as to Plaintiff's two claims for monetary relief are all that is left.  The court will not speculate on whether the "partial summary judgment" referenced in the proposed order is the same as or different from the "summary judgment" Plaintiff requests in her moving papers.  Plaintiff will need to clarify the ambiguity.

The court cannot justify the expenditure of scarce judicial resources necessary to sort

4

out both the factual bases for Plaintiff's claims and the dispositive effect that an order of judgment on those claims would have on this action; particularly when it appears to the court there is no reason that a stipulated judgment could not be used much more efficiently. The court is also unclear as to the utility of the "findings" Plaintiff requests the court make as opposed to, or in addition to, the order for entry of partial or complete summary judgment that her motion ambiguously requests. The court will therefore strike Plaintiff's Statement of Undisputed Facts as non-compliant with Local Rule 260(a) and will deny Plaintiff's motion for summary judgment without prejudice.

## II. Plaintiff's Monetary Damage Award

To the extent it may help the parties reach a stipulated agreement on the disposition of this action, the court will address the issue of what damages would be due presuming judgment in favor of Plaintiff on both claims for monetary relief. Because neither Defendant disputes its liability for a violation of the ADA, but only requests that the award be no larger than the minimum required by law, the issue at the center of Plaintiff's motion for summary judgment is what damages are due and, in particular, whether the court must impose statutory damages of $4,000 per violation or whether nominal damages of $1.00 may be awarded.

The ADA provides for injunctive, but not monetary, relief. 42 U.S.C. § 12188(a)(1); Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002). Pursuant to Cal. Civ. Code § 51(f), a violation of the ADA is a violation of section 51 of the Unruh Civil Rights Act. Pursuant to section 52(a) of the California Civil Code:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

Prior to 2009 there was a split of opinion on the issue of whether Section 52(a) authorized minimum damages of $4,000 per violation even where there is no intentional

discrimination.  In Harris v. Capital Growth Investors XIV, 52 Cal.3d 1142, 1172 (1991), the

California Supreme Court interpreted section 52(a) as providing damages only in cases of

intentional discrimination.  In 1992, the California Legislature amended the Unruh Civil

Rights Act by, *inter alia*, the addition of subsection 51(f).  Thereafter, the Ninth Circuit, in

Lentini v. California Ctr. For the Arts, 370 F.3d 837, 847 (9th Cir. 2004), held that the

amendment adding subsection 51(f) made statutory damages available under subsection 52(a)

regardless of any showing of intentional discrimination.  In contrast, the California Fourth

District Court of Appeal, in Gunther v. Lin, 144 Cal.App.4th 223, 234 (4th Dist. 2006),

declined to follow Lentini and held that when a violation of the Unruh Civil Rights Act was

premised on an ADA violation, statutory damages were available only where intentional

discrimination was shown.

The split of opinion was settled in the California Supreme Court case of Munson v.

Del Taco, Inc., 46 Cal.4th 661 (2009).  Munson was a federal proceeding that originated in the

Central District of California and was certified to the California Supreme Court for the

purpose of resolving the aforementioned split of authority Id. at 664-665.  The factual

background in Munson was strikingly similar to the case at bar.  In Munson, the plaintiff was a

wheelchair-bound individual who encountered architectural barriers to access to the facilities

of the restaurant.  Id. at 665.  The defendant restaurant undertook remodeling to correct the

alleged ADA violation after the suit was filed.  Id. at 665 n.3.  The trial court held on summary

judgment that there was no genuine issue of fact that the ADA violation occurred and the

parties eventually stipulated to $12,000 in statutory damages.  Id. at 666.  On appeal, the

defendant alleged the award of statutory damages was not available under section 52(a) absent

a showing of intentional discrimination.  Id.  After thorough analysis of statutory background,

statutory language, legislative background, and relationship to other statutes, the Munson

court concluded that recovery of statutory damages for ADA violations under section 52 of the

Unruh Civil Rights Act is permitted even if evidence of intentional discrimination is lacking

1  thereby overruling both <u>Harris</u> and <u>Gunther</u>. <u>Id.</u> at 678.

2       Defendants request that the court award only nominal damages or, in the alternative,

3  that the court award no more than the statutory damages of $4,000 for each of the two alleged

4  ADA violations.  There is no contention that Defendants' violations were intentional.

5  Nonetheless, Defendants do not cite and the court cannot find any authority for an award of

6  nominal damages in a case such as this, were the ADA violations are both unintentional and

7  undisputed.  In light of case authority providing statutory damages for non-intentional ADA

8  violations and in the absence of any authority cited by Defendants that would authorize an

9  award of nominal damages, the court finds that Plaintiff is entitled to the minimum statutory

10  award of $4,000 for each of the two violation of the ADA alleged upon entry of judgment

11  thereon.

12

13                          **CONCLUSION AND ORDER**

14       The court concludes that the interests of both clarity and the efficient administration of

15  judicial resources will benefit by the consultation of the parties with each other to determine:

16  1.     Whether this action can be resolved by means of a stipulated judgment;

17  2.     Whether, in the absence of a stipulated judgment, the parties can agree to a stipulated

18         set of Undisputed Material Facts pursuant to Local Rule 260(c)

19  3.     Whether, in the absence of a stipulated judgment, the parties can agree on the existence

20         or non-existence of any issues that would remain in this action presuming the entry of

21         judgment in favor of Plaintiff as to Plaintiff's two claims for relief for monetary

22         damages.

23

24       THEREFORE, in accord with the foregoing, it is hereby ORDERED that Plaintiff's

25  Statement of Undisputed Facts is hereby STRICKEN as non-compliant with Local Rule

26  260(a).  Plaintiff's Motion for Summary Judgment is hereby DENIED without prejudice.  The

27

28                                        7

parties shall meet and confer not later than fourteen (14) days from the date of service of this order to discuss and determine at least the issues enumerated above as well as any other issues that may benefit the resolution of this action.  Not later that twenty-eight (28) days from the date of service of this order, Plaintiff shall file and serve any proposed stipulated judgment, or in the alternative, amended motion for summary judgment or summary adjudication together with any stipulated undisputed material facts.  If any amended motion for summary judgment is filed, Defendants shall, at minimum, respond to Plaintiff's Statement of Undisputed Facts in the manner set forth in Local Rule 260(b).

IT IS SO ORDERED.

Dated:   November 16, 2010                   _____

CHIEF UNITED STATES DISTRICT JUDGE